■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD K. LAKE, Respondent.—Order unanimously reversed on the law and indictment reinstated. Memorandum: We disagree with County Court that the evidence before the Grand Jury was legally insufficient to establish the offense of murder, second degree, or a lesser included offense. The Grand Jury may indict where the People present evidence establishing a prima facie case. The degree of certitude the grand jurors must possess is " 'reasonable cause' " not " 'beyond a reasonable doubt' " or " 'moral certainty' " even where the principal proof of guilt is circumstantial *(People v Jennings,* 69 NY2d 103, 115). Here the People presented evidence establishing a prima facie case of, at least, a lesser included offense of depraved indifference murder.

The evidence, viewed most favorably for the People, shows that when the baby arrived at the hospital, she had suffered cardiac arrest and had bilateral hemorrhages in the back of her eyes indicating bleeding inside the brain. She had also sustained multiple broken bones of various ages. The autopsy revealed that she died from a severe head injury caused by both a violent shaking and a beating within 12 to 24 hours before the cardiac arrest. A witness testified that within that period of time, defendant was alone with the baby for one-half hour when the witness heard the baby screaming from pain

"like [he had] never heard before." The screaming was muffled and then began again until, finally, it stopped. Defendant told the police that the baby choked and stopped breathing while he was feeding her, but the autopsy revealed no evidence of choking.

These facts, taken together, provide reasonable cause to believe that the injuries resulting in the baby's death were inflicted by defendant when he was alone with her as she screamed in pain. (Appeal from order of Cattaraugus County Court, Kelly, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Boomer, Green and Davis, JJ.